## ALEXANDER BARRETT *versus* NATHANIEL TWOMBLY.

Where the plaintiff and defendant entered into a written agreement, under seal, to refer to the determination of certain persons named, the amount due from the defendant to the plaintiff, " to be paid in good, saleable neat stock at cash price, to be paid on Sept. 1841, and said B. (the plaintiff) is to leave the premises peaceably, with his family, the fifteenth of Sept. 1841"; and the referees heard the parties and before Sept. 1, made their award, under seal, fixing the amount due; and the plaintiff, on Sept. 10, 1841, made a demand of the neat stock, but payment was refused by the defendant; *it was held*, that the demand was not made too early ; that the amount became payable in money, on demand and refusal of payment; and that an action of debt could be maintained therefor.

THE parties agreed to a statement of facts. The action is debt upon an award, the writ bearing date Oct. 19, 1841. The plaintiff had agreed to carry on the defendant's farm on certain conditions, and a dispute arose between them in relation thereto, and they made a written agreement under seal to refer the same to the decision of certain persons, containing this provision. " Award to be paid in good, saleable neat stock at cash price, to be paid on Sept. 1, 1841, and said Barrett is to leave the premises peaceably, with his family, the fifteenth of Sept. 1841." The referees met and heard the parties, and made the report, on which this action is brought, on the tenth of August, 1841. On Sept. 10, 1841, the plaintiff presented the report of the referees to the defendant, and demanded performance thereof and the defendant wholly refused. On Sept. 15, 1841, the plaintiff and his family removed from the premises. If in the opinion of the Court, on the foregoing statement, this action can be maintained, the defendant is to be defaulted, and the damages are to be assessed by the clerk of the Court; and if the action cannot be maintained, the plaintiff is to become nonsuit. No copy of the agreement to refer, or of the award of the referees, is to be found in the papers.

*Merrill* argued for the plaintiff, contending that debt was the proper form of action, as there were no covenants on which an action of covenant broken could be brought.

The time of payment is a distinct matter from the time of removing from the premises. It was the duty of the defendant to notify the plaintiff of his readiness to deliver the neat stock, but here there was a demand and refusal to perform. The defendant then became bound to pay in money. Chipman on Spec. Con. 109, 115, 120 ; 24 Pick. 168.

*Kelley,* for the defendant, said there were two objections to the plaintiff's recovery. One, that the action of debt was improper. The paper being under seal, and containing no penalty, the action should have been covenant. The other is, that the suit was prematurely brought. It was necessary that there should first be a publication of the award, and then a demand made of the specific articles. The time of payment was not until the fifteenth, and therefore the demand on the tenth was unavailing.

The opinion of the Court was drawn up by

TENNEY J. — The liability of the defendant could not depend upon the performance of the agreement on the part of the plaintiff to leave the farm, because the latter was to take place subsequently to the payment by the terms of the contract. The referees agreed upon by the parties to determine the sum, due from the defendant to the plaintiff met and heard them and made their award the tenth of August, 1841, and the same was presented to the defendant and payment demanded and refused on the tenth of September, 1841 ; all which was long before the bringing of this action. We see nothing, which can lead us to the conclusion, that the action was prematurely commenced.

It is insisted that the plaintiff has mistaken the form of action ; that it should have been covenant and not debt.

The agreement is not in its nature a contract to arbitrate and to abide by the award ; but is one where the defendant was to pay at a stipulated time and in a certain manner a sum to be fixed by the referees. The sum was fixed on the tenth of August, 1841, and report made. The sum claimed in this action was one, which was liquidated, and by the omission on

the part of the defendant to make payment, it became fixed and determinate, payable in money, depending on no subsequent valuation. 3 Bl. Com. 154; Ch. Pl. 102.

The defendant must be defaulted, and judgment to be made up by the clerk according to the agreement in the statement of facts.